***NOT FOR PUBLICATION***

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ARIEL BERMUDEZ, | Civil Action No. 15-4239 (MAS) |
| Petitioner, | |
| v. | **OPINION** |
| STEPHEN M. DILIO, et al., | |
| Respondents. | |

**SHIPP, District Judge**

Petitioner Ariel Bermudez ("Petitioner"), confined at New Jersey State Prison in Trenton, New Jersey, files the instant Petition for a Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254, challenging a sentence imposed by the State of New Jersey for robbery and aggravated assault. At this time, the Court must screen the Petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases, to determine if the Petition should be dismissed because Petitioner is not entitled to relief. For the reasons stated below, the Court will allow Petitioner 30 days from the date of entry of the accompanying Order to present arguments why Petitioner is entitled to equitable tolling.

**I.     FACTUAL BACKGROUND**

The Court recites only those facts relevant to this Opinion, and construes all facts as alleged in the Petition as true. Petitioner pled guilty and was sentenced to fourteen years of incarceration, with a mandatory minimum of seven years, by the State of New Jersey for robbery and aggravated assault on December 20, 1996. (Pet. 1, ECF No. 1.) An appeal was filed challenging the sentence

as excessive, and it was affirmed on June 9, 1997. (*Id.* at 2.) Petitioner did not seek review by the New Jersey Supreme Court. (*Id.*)

Thereafter, on May 16, 2011, Petitioner filed for post-conviction relief ("PCR"). (*Id.* at 3.) Relief was ultimately denied on September 9, 2014 by the New Jersey Supreme Court. (*Id.* at 5.) The instant Petition, dated June 15, 2015, was filed in this Court on June 23, 2015.

## II.     STANDARD OF REVIEW

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254, "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

"Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *U.S. v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000). Habeas Rule 4 requires a district court to examine a habeas petition prior to ordering an answer and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." 28 U.S.C. § 2254 Rule 4. Dismissal without the filing of an answer is warranted "if it appears on the face of the petition that petitioner is not entitled to relief." *Id.*; *see also McFarland*, 512 U.S. at 856; *Thomas*, 221 F.3d at 437 (habeas petition may be dismissed where "none of the grounds alleged in the petition would entitle [the petitioner] to relief").

### III. DISCUSSION

**A. Statute of Limitations**

Title 28, Section 2244 of the U.S. Code requires that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). In most cases and in this particular case, the one-year period begins on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Based on the statutory language, the Supreme Court held that even when a defendant does not file a petition for certiorari with the United States Supreme Court on direct review, the AEDPA one-year limitations period starts to run when the time for seeking such review expires. *Gonzalez v. Thaler*, 132 S. Ct. 641, 653 (2012); *Clay v. U.S.*, 537 U.S. 522, 532 (2003); *Swartz v. Meyers*, 204 F.3d 417, 419 (3d Cir. 2000); *Gibbs v. Goodwin*, No. 09-1046, 2009 WL 1307449, at *2 (D.N.J. May 1, 2009) (holding that the period of direct review "include[s] the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court").

However, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). In other words, while a valid state post-conviction review is pending, the one-year limitation is tolled. This tolling does not include any petition for writ of certiorari in the United States Supreme Court for review of a denial of post-conviction relief. *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 85 n.5 (3d Cir. 2013) (citing *Lawrence v. Florida*, 549 U.S. 327, 332 (2007)). Overall, "AEDPA's limitation period 'does not set forth an inflexible rule requiring dismissal whenever its

3

clock has run.'" *Id.* at 84-85 (quoting *Holland v. Florida*, 560 U.S. 631, 645 (2010)). Rather, the limitations period is subject to both statutory and equitable tolling. *Id.* at 85.

So, even if the statutory time bar has passed, Petitioner may overcome that limitation if he can show a basis for equitable tolling. *Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001); *Gibbs*, 2009 WL 1307449 at *3. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Ross v. Varano*, 712 F.3d 784, 798 (3d Cir. 2013) (citations omitted). "Extraordinary circumstances permitting equitable tolling have been found where: (1) the petitioner has been actively misled; (2) the petitioner has been prevented from asserting his rights in some extraordinary way; (3) the petitioner timely asserted his rights in the wrong forum, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim." *Gibbs*, 2009 WL 1307449, at *3 (internal citations omitted).

"The diligence required for equitable tolling purposes is reasonable diligence." *Ross*, 712 F.3d at 799. "This obligation does not pertain solely to the filing of the federal habeas petition, rather it is an obligation that exists during the period appellant is exhausting state court remedies as well." *Id.* "The fact that a petitioner is proceeding pro se does not insulate him from the 'reasonable diligence' inquiry and his lack of legal knowledge or legal training does not alone justify equitable tolling." *Id.* at 800.

Here, Petitioner's sentence was affirmed on direct appeal by the Appellate Division on June 9, 1997. No petition for certification with the New Jersey Supreme Court was filed, so Petitioner's conviction and sentence became final for the purposes of AEDPA at the expiration of time to file such a petition. *See* 28 U.S.C. § 2244(d)(1)(A); *Gonzalez*, 132 S. Ct. at 653 ("[B]ecause Gonzalez did not appeal to the State's highest court, his judgment became final when

4

his time for seeking review with the State's highest court expired"). State rules require that a petition for certification with the New Jersey Supreme Court be filed within 20 days after a final judgment of the Appellate Division. N.J. Court Rules 2:12-3(a). As such, Petitioner's conviction and sentence became final on June 29, 1997, which started his AEDPA limitations period.

Petitioner then filed a PCR application on May 16, 2011, more than a year after his final conviction and sentence, and after his AEDPA limitations period had expired. Because Petitioner's limitations period expired before the filing of his PCR application, there is no statutory tolling that would apply during Petitioner's PCR review. Therefore, the Petition is statutorily out-of-time. Petitioner also makes no argument for equitable tolling, despite having waited almost 14 years to file his state PCR application.

Nevertheless, Petitioner argues that "[i]neffective assistance of counsel claims are exempt from the bar; nor should a court enforce the bar if to do so creates a fundamental injustice." Pet. 13. The Court construes Petitioner's argument as claiming that either the AEDPA statute of limitations does not apply to his claims, or that his untimeliness should be excused under a general "miscarriage of justice" or "fundamental injustice" exception. However, Petitioner cites to no federal authority for those propositions; indeed, courts routinely dismiss habeas claims based on ineffective assistance of counsel as time-barred. *See, e.g.*, *Day v. McDonough*, 547 U.S. 198, 203 (2006); *Pace v. DiGuglielmo*, 544 U.S. 408, 419 (2005); *Darden v. Sobina*, 477 F. App'x 912, 915 (3d Cir. 2012); *Garcia v. Bartkowski*, No. 11-3689, 2015 WL 857737, at *8-9 (D.N.J. Feb. 27, 2015); *Clark v. Ricci*, No. 08-3347, 2013 WL 5817655, at *4 (D.N.J. Oct. 29, 2013).

While the Supreme Court has recognized "*actual innocence*, if proved, serves as a gateway through which a petitioner may pass [despite] expiration of the statute of limitations," *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1929 (2013) (emphasis added), this Court is unaware of any federal

"miscarriage of justice" or "fundamental injustice" exception to AEDPA's timeliness requirement. Moreover, although there is a "fundamental injustice" exception to the New Jersey PCR statute of limitations, *see* N.J. Ct. R. 3:22-12(a)(1), that exception is inapplicable to a federal habeas petition. Accordingly, the Court finds that the Petition is time-barred by AEDPA. However, in the interest of justice, Petitioner may, within 30 days of the date of entry of the accompanying Order, present arguments, supported by evidence, why Petitioner is entitled to equitable tolling. Petitioner may also raise any other argument regarding the timeliness of the Petition.

### B. Certificate of Appealability

Finally, the Court denies a certificate of appealability ("COA"). AEDPA provides that an appeal may not be taken to the court of appeals from a final order in a § 2254 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), the United States Supreme Court held that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

Here, the Court denies a certificate of appealability pursuant to 28 U.S.C. § 2253(c) because jurists of reason would not find it debatable that dismissal of the Petition is correct.

## IV.  CONCLUSION

For the reasons set forth above, the Petition is DISMISSED as time-barred, and a certificate of appealability is DENIED.  Petitioner may, within 30 days of the date of entry of the accompanying Order, move to reopen by presenting arguments, supported by evidence, why Petitioner is entitled to equitable tolling.

s/ Michael A. Shipp<br>
**Michael A. Shipp, U.S.D.J.**

Dated:  October 23, 2015